J-A01024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASUL YOUNG | : | |
| | : | |
| Appellant | : | No. 1738 EDA 2022 |

Appeal from the PCRA Order Entered June 9, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004605-2008

BEFORE:  LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 7, 2023**

Appellant Rasul Young appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act[1] (PCRA) as untimely.  Appellant contends that his trial counsel was ineffective.  We affirm.

The PCRA court summarized the relevant facts and procedural history of this matter as follows:

> This case stems from a robbery which took place on March 16, 2008.  On August 4, 2009, following a jury trial before the Honorable Denis P. Cohen of the Court of Common Pleas, [Appellant] was convicted of the following charges: robbery, robbery of a motor vehicle, [two counts of criminal conspiracy], and unauthorized use of a motor vehicle.[2]  [Appellant] was sentenced to [an aggregate term of] ten to twenty years' incarceration.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3701(a)(1)(v), 3702, 903, and 3928, respectively.

[Appellant] timely filed an appeal [of] his sentence. On March 13, 2011, the Superior Court affirmed the judgment of sentence[, and Appellant's petition for allowance of appeal] was denied by the [Pennsylvania] Supreme Court on October 13, 2011. [*See Commonwealth v. Young*, 821 EDA 2010 (Pa. Super. filed May 13, 2011) (*Young I*) (unpublished mem.), *appeal denied*, 357 EAL 2011 (Pa. filed Oct. 13, 2011) (*Young II*).] On April 15, 2011, [Appellant] filed his first *pro se* PCRA Petition. Counsel filed a [*Turner*/]*Finley*[3] letter on September 17, 2014.[4] On February 10, 2015, this court denied [Appellant's] PCRA [petition]. On [November] 30, 2020, [Appellant] filed [the instant *pro se*] PCRA [petition]. On June 23, 2021, the Commonwealth filed a motion to dismiss. On February 16, 2022, this court filed a [Pa.R.Crim.P.] 907 notice of [intent to dismiss] to the instant PCRA [petition] for untimeliness. This court formally dismissed [Appellant's] PCRA [petition] on June 9, 2022.

PCRA Ct. Op., 8/19/22, at 1-2 (some formatting altered).

Appellant filed a timely *pro se* appeal on June 29, 2022.[5] On July 22, 2022, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant's Rule

---

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (setting forth the requirements for appointed counsel to withdraw from representation on collateral review); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (same).

[4] The record reflects that the PCRA court granted Appellant's PCRA counsel's request to withdraw on January 30, 2015. *See* Certified Record at Docket Entry 154.

[5] We note that on May 14, 2021, Appellant filed a *pro se* request for the PCRA court to appoint counsel, and the PCRA court denied Appellant's request. Order, 6/16/21. Appellant subsequently filed his *pro se* appellate brief in this Court on September 29, 2022. On September 30, 2022, Appellant filed a motion in the Court for the appointment of counsel. On October 24, 2022, this Court denied Appellant's motion. *See* Order, 10/24/22 (citing *Commonwealth v. Maple*, 559 A.2d 953 (Pa. Super. 1989) (providing that the appointment of counsel after original PCRA counsel has been permitted to withdraw under *Turner*/*Finley* is unnecessary and improper).

1925(b) statement was due on or before August 11, 2022. Appellant failed to comply and did not file a Rule 1925(b) statement. On August 19, 2022, the PCRA court filed its Rule 1925(a) opinion concluding that Appellant waived all issues on appeal. *See* PCRA Ct. Op., 8/19/22, at 2-3 (citations omitted).

On appeal, Appellant contends that counsel at his preliminary hearing and trial was ineffective for failing to challenge his identification as the perpetrator of the crimes.[6] *See* Appellant's Brief at 2. Appellant argues that this renders his conviction void. *See id.*

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

The "PCRA's timing provisions as jurisdictional in nature, and no court may entertain an untimely PCRA petition." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (citations omitted). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the

---

[6] The record reflects that Michael Farrell, Esq., represented Appellant at his preliminary hearing and at trial. *See* Letter of Appointment, 3/17/08; *see also* N.T., 7/29/09–8/4/09.

- 3 -

underlying judgment becomes final." ***Commonwealth v. Valentine***, 928 A.2d 346, 348 (Pa. Super. 2007) (citations omitted). "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.'" ***Id.*** (quoting 42 Pa.C.S. § 9545(b)(3)).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials[7] with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and formatting altered). To invoke one of the timeliness exceptions, a petitioner must also file the petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Further, we note that any issues not raised in a timely filed Rule 1925(b) statement will be deemed waived on appeal. ***See Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. 2005); ***see also Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998).

As stated previously, in ***Young I***, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal on October 13, 2011. ***See Young II***. Therefore, Appellant's judgment of sentence became final ninety days later on Wednesday, January 11, 2012, when the time for filing a petition for a writ of *certiorari* in the United States Supreme Court expired. ***See*** 42 Pa. C.S. § 9545(b)(3) (stating that "[a] judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review"); ***see also*** U.S. Sup. Ct. Rule 13 (providing that a petition for a writ of *certiorari* in the United States Supreme Court is timely when it is filed within ninety days after the entry of judgment of a state court of last resort). Therefore, Appellant had one year from January 11, 2012, in which to file a timely PCRA petition.

The record reflects that Appellant's PCRA petition underlying the instant appeal was filed on October 30, 2020, making it facially untimely. ***See Valentine***, 928 A.2d at 348. Accordingly, the PCRA court lacked jurisdiction to review Appellant's PCRA petition unless he alleged and proved one of the statutory exceptions to the PCRA's time-bar set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). ***See Albrecht***, 994 A.2d at 1094.

Our review of the record reveals that in his November 30, 2020 PCRA petition, Appellant checked a box on the PCRA petition form indicating that his untimely second PCRA petition should be deemed timely due to a newly recognized constitutional right under 42 Pa.C.S § 9545(b)(1)(iii). **See** PCRA Petition, 11/30/20, at 2. However, in its Rule 907 notice of intent to dismiss, the PCRA court correctly found Appellant's claim concerning an exception to the PCRA time bar was merely conclusory, and the PCRA court held that Appellant failed to satisfy any exception to the PCRA time bar. Rule 907 Notice, 2/16/22, at ¶¶5-9. Accordingly, the PCRA court dismissed Appellant's PCRA petition as untimely. **See** Order, 6/9/22.

Further, although Appellant filed a timely appeal, he failed to comply with the PCRA court's order directing him to file a Rule 1925(b) statement. In its Rule 1925(a) opinion, the PCRA court concluded that Appellant's failure to file a Rule 1925(b) statement resulted in waiver of "all issues on appeal." PCRA Ct. Op., 8/19/22, at 3 (citing, *inter alia*, **Schofield**, 888 A.2d at 774; **Lord**, 719 A.2d at 309). After review, we agree with the PCRA court's findings and conclusions, which are supported by the record and free of legal error.

For these reasons, we conclude that Appellant is due no relief. The PCRA court correctly found Appellant's PCRA petition was untimely, concluded that Appellant failed to establish an exception to the PCRA time bar, and notified Appellant of its intent to dismiss the petition. Rule 907 Notice, 2/16/22, at ¶¶5-9. Because the PCRA petition was untimely and no exception applied, the PCRA court lacked jurisdiction, **see Small**, 238 A.3d at 1280; **see also**

- 6 -

*Albrecht*, 994 A.2d at 1094, and it dismissed Appellant's PCRA petition. *See* Order, 6/9/22. Moreover, because Appellant failed to file a Rule 1925(b) statement, he waived his issues on appeal.[7] *See Schofield*, 888 A.2d at 774; *see also Lord*, 719 A.2d at 309. For these reasons, we affirm the PCRA court's order dismissing Appellant's second PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2023

---

[7] In any event, even if Appellant had filed a Rule 1925(b) statement, we would affirm the PCRA court's order dismissing Appellant's PCRA petition as untimely. In his *pro se* brief, Appellant fails to mention, much less prove, any exception to the PCRA time bar. *See* Appellant's Brief at 2. Accordingly, were we to reach the merits of Appellant's argument, we would conclude that no relief is due.